# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER HASEMANN and DEBBIE HOTH, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>GERBER PRODUCTS CO.,<br><br>   Defendant. | Case No. 1:15-cv-02995-MKB-RER |
| JEREMY GREENE and CETARIA WILKERSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>GERBER PRODUCTS CO.,<br><br>   Defendant. | Case No. 1:16-cv-1153-MKB-RER |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO APPOINT INTERIM CO-LEAD COUNSEL
PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 23(g)**

Plaintiffs Jennifer Hasemann, Debbie Hoth, Jeremy Greene and Cetaria Wilkerson (together, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in support of their motion to appoint Michael R. Reese of Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and, John Yanchunis of Morgan & Morgan Complex Litigation Group as interim co-lead counsel pursuant to Federal Civil Procedure Rule 23(g).

## INTRODUCTION

The undersigned are counsel for Plaintiffs in the above-captioned class actions. Plaintiffs' counsel in these actions has conferred and reached an agreement regarding a proposed leadership structure. Pursuant to that agreement, Michael R. Reese of Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and, John Yanchunis of Morgan & Morgan Complex Litigation Group seek appointment as Plaintiffs' Interim Co-Lead Counsel. The proposed Interim Co-Lead Counsel have proven track records of experience, knowledge, and success in litigating large and complex class action cases, and are well qualified to serve as interim lead counsel here.[1] Accordingly, Plaintiffs ask the Court to appoint their choice of counsel to protect the interests of the Class and promote an efficient adjudication of this and any related case(s) filed in or removed to this Court.

By appointing interim lead counsel, the Court will ensure that the litigation is conducted in an organized and efficient manner by skillful and experienced counsel. *Manual for Complex Litigation, Fourth, Federal Judicial Center* (2004) ("Manual") § 10.221. As described herein, Plaintiffs' proposed Co-Lead Counsel meet each of the criteria enumerated in Fed. R. Civ. P. 23(g).

---

[1] The firm resumes of Reese LLP; Berger & Montague, P.C.; Taus, Cebulash & Landau, LLP; and, Morgan & Morgan Complex Litigation Group are attached hereto as Exhibits A-D.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Since at least 2011, Gerber Products, Co. ("Gerber" or "Defendant") has manufactured, marketed, and sold Gerber® Good Start Gentle® ("Good Start"), which contains partially hydrolyzed whey protein ("pHWP"). Plaintiffs' case addresses Gerber's betrayal of consumers' trust by falsely and misleadingly labeling and marketing Good Start as: (a) the first and only formula whose consumption reduces the risk of infants developing allergies and (b) the first and only formula that the United States Food and Drug Administration ("FDA") endorses to reduce the risk of developing allergies. As alleged in the complaints, both of these representations are false and misleading.

Counsel for Plaintiffs filed the first above-captioned class action against Geber on May 21, 2015 alleging Defendant deceptively marketed its Good Start Product. (*See generally* Compl., ECF No. 1 in case no. 15-cv-02995) and the companion case of *Greene v. Gerber Products, Co.*, case no. 16-cv-1153-MKB-RER on March 8, 2016. Seeking injunctive and monetary relief on account of Defendant's deceptive acts and practices, Plaintiffs bring claims on behalf of a proposed nationwide class who bought the Good Start Products[2] ("Proposed Class") for Defendant's violation of numerous state consumer protection statutes and common law claims.

A motion to dismiss has been fully briefed in the *Hasemann* action. Additionally, the parties are now engaged in discovery. With the expectation of depositions and other discovery matters to occur in the near future, Plaintiffs now respectfully request appointment of Interim Co-Lead Counsel to assure the efficient litigation of this matter.

---

[2] With the exception of California, where a case certified on behalf of a California only class is pending, and Washington, D.C., where another matter is pending.

**ARGUMENT**

The appointment of Michael R. Reese of Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and, John Yanchunis of Morgan & Morgan Complex Litigation Group as Interim Co-Lead Class Counsel will promote the just, expeditious, and cost-effective resolution of this litigation. Such orders are common in complex litigation like this one, and the *Manual for Complex Litigation* recommends them, as follows:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems. . . . One attorney or several may serve as liaison, lead, and trial counsel. . . . The functions of lead, liaison, and trial counsel . . . should be stated in either a court order or a separate document drafted by counsel for judicial review and approval.

MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 10.22, 10.221, 10.222 (2004).

Plaintiffs believe appointment of the Proposed Interim Co-Lead Class Counsel will promote efficient prosecution of both Plaintiffs' claims and the claims of the putative Class members. Consequently, Plaintiffs now respectfully request an order Michael R. Reese of Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and, John Yanchunis of Morgan & Morgan Complex Litigation Group to serve as Interim Co-Lead Class Counsel.

**I.      LEGAL STANDARD**

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides for the appointment of interim class counsel. FED. R. CIV. P. 23(g)(3). Furthermore, it is generally accepted that Rule 23(g)(1), which outlines the considerations pertinent to the appointment of class counsel at the time the class is certified, applies equally to the appointment of interim class counsel before certification. *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

Rule 23(g)(1)(A) establishes the following four factors that courts must consider in appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). As Plaintiffs show below, Michael R. Reese of Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and, John Yanchunis of Morgan & Morgan Complex Litigation Group easily meet this standard.

**A.      Proposed Interim Co-Lead Class Counsel Have Extended Considerable Effort to Date on Behalf of the Putative Class, Including Extensive Investigation to Identify Claims as well as to Litigate This Matter**

Proposed Interim Co-Lead Class Counsel have spent considerable time, effort, and resources researching and becoming knowledgeable of the facts and legal issues surrounding the claims in this litigation. Indeed, counsel have spent more than a year litigating the first-captioned action, including, but not limited to, fully briefing a motion to dismiss and engaging in discovery of the Defendant.

**B. Proposed Interim Co-Lead Class Counsel Have Proven Experience in Class Action Litigation, Are Knowledgeable of the Applicable Law, and Will Fairly and Adequately Represent the Interests of the Class**

Courts have held that a putative class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on the class's behalf. *E.g.*, *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993). As Plaintiffs demonstrate below, based on these criteria, Proposed Interim Co-Lead Class Counsel are more than able to adequately represent the interests of the putative Class.

**1. Michael R. Reese of Reese LLP**

Michael R. Reese and Reese LLP are currently, and have previously been, involved in a number of high profile class actions representing consumers who have been defrauded through violation of consumer protection laws. Mr. Reese and Reese LLP has been appointed as class counsel in a number of these matters where the courts have recognized the firm's experience and skill. *See e.g.*, *Huyer v. Wells Fargo & Co.*, No. 4:08-CV-507, 2016 WL 637253, at *2 (S.D. Iowa Feb. 17, 2016) (appointing Reese LLP as co-lead class counsel for settlement class); Order Granting Final Approval and Entering Final Judgment at 3, 6, *Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395-DLI-RML (E.D.N.Y. Apr. 7, 2016), ECF No. 182 (same); *Berkson v. Gogo LLC*, No. 14-CV-1199, 2016 WL 1376544, at *3–4 (E.D.N.Y. Apr. 5, 2016) (appointing Reese LLP as counsel for settlement class, stating that "[t]he attorneys at Reese LLP who prosecuted this case are skilled and experienced class action consumer protection lawyers"); *Chin v. RCN Corp.*, No. 08 CIV 7349 RJS KNF, 2010 WL 3958794, at *2 (S.D.N.Y. Sept. 8, 2010) (appointing Reese LLP[3] as class counsel in consumer fraud action, stating that "class counsel is qualified, experienced, and able to conduct the litigation"); Order and Final Judgment at 7, *Yoo v. Wendy's*

---

[3] Reese LLP was formerly known as Reese Richman LLP.

*Int'l, Inc.*, No. 2:07-cv-04515-FMC-JC (C.D. Cal. Mar. 13, 2009), ECF No. 89 (appointing Reese LLP as class counsel in action involving deceptive marketing of food stating that Reese LLP "has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy").

Additionally, the lead partner of Reese LLP, Michael R. Reese, has extensive trial experience and, consequently, the ability to prosecute this matter through to verdict. Prior to entering private practice in 2000, Mr. Reese served as an assistant district attorney at the Manhattan District Attorney's Office, where he served as a trial attorney prosecuting both violent and white-collar crime. Mr. Reese left government service to join a large class action law firm, where he worked as a partner for several years, serving as lead counsel on a number of large consumer, antitrust, and securities class actions.

Recent victories by Mr. Reese and his firm include a $6.1 million class action settlement in the United States District Court for the District of Hawaii in *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.), for consumers of "Truvia" branded sweetener, and a $6.4 million class action settlement in San Francisco Superior Court in *Wong v. Alacer Corp.*, No. CGC-12-519221 (Cal. Super. Ct.), for consumers of "Emergen-C" branded dietary supplement.

Mr. Reese is a frequent lecturer on issues related to class actions and has recently moderated a panel on class actions for the California State Bar; presented at the Food and Drug Law Institute annual conference held in Chicago; presented at the American Bar Association Health Law Summit in Washington, D.C.; and, presented at the Perrin Annual Conference in Washington, D.C. Mr. Reese is also an adjunct professor at Brooklyn Law School, where he teaches on class actions and other aggregate litigation.

### 2. E. Michelle Drake of Berger & Montague, P.C.

E. Michelle Drake is a well-respected member of the Plaintiffs' consumer class action bar. Ms. Drake is a member of the Board of the National Association of Consumer Advocates, sits on the Partners' Council of the National Consumer Law Center, and is the Treasurer for the Minnesota State Bar Association Consumer Litigation Section Council. Ms. Drake authored a book chapter on the laws that govern background checks in the employment context. See "Financial and Criminal Background Checks," Job Applicant Screening: A Practice Guide, Minnesota Continuing Legal Education Publication (May 2014). Ms. Drake is currently serving as lead counsel in over 30 active class action cases nationwide, has served as lead counsel on over 40 class actions in the past, and has achieved significant results on behalf of plaintiffs, totaling in over $150 million in settlement funds.

### 3. Brett Cebulash of Taus, Cebulash & Landau, LLP

Taus, Cebulash & Landau, LLP ("TCL") is a litigation firm with a focus in complex consumer protection class actions. The firm was founded in July 2009 with a few basic guiding principles: dedication to providing the highest quality legal representation to its clients and class members, while working in an environment that inspires collaboration, inventiveness and productivity.

TCL's attorneys have significant experience in consumer protection class actions, including *Esslinger, et. al. v. HSBC*, 10-cv-3213 (E.D. Pa.) (Co-Lead Counsel); *Westrope, et al v. Ringler, et al,* 14-cv-0604 (D.Or.); *In re Discover Payment Protection Plan Marketing and Sales Practices Litigation*, 10-cv-6994 (N.D. Ill.); *In re Bank of America Credit Protection Marketing and Sales Practices Litigation*, 11-md-02269 (N.D. Cal.) (Executive Committee); and *Scheetz v. JP Morgan Chase*, 12-cv-4113 (S.D.N.Y).

Brett Cebulash, a founding partner of TCL, has been litigating class and representative actions for over 20 years. Recognized in 2014, 2015 and 2016 as a New York Metro "Super Lawyer", Mr. Cebulash currently represents plaintiffs and class members in a number of consumer class actions including *Marchese v. Cablevision Systems Corp., and CSC Holdings, Inc.* (D.N.J.)*; Meijer, Inc. et al v. Allergan PLC, et al* (S.D.N.Y.)*; Wallach, et al. v. Eaton, et al..* (D. Del.); *Lyons, et al v. Litton* (S.D.N.Y.); and *Westrope, et al v. Ringler, et al,* (D.Or.). Mr. Cebulash has also represented class members in a number of recently settled class actions including *In re Discover Payment Protection Plan Marketing and Sales Practices Litigation* (N.D. Ill.); *In re Bank of America Credit Protection Marketing and Sales Practices Litigation* (N.D. Cal.); *Esslinger, et. al. v. HSBC* (E.D.Pa.); *McCoy v. Capital One* (M.D. Fla); *Arnett, et al v. Bank of America* (D.Or.)*; Richards v. Citizens Bank* (D.R.I.); *Casey and Skinner v. Citibank* (N.D.N.Y.); and *Clements, et al v. JP Morgan Chase* (N.D. Cal.).

### 4. John Yanchunis of Morgan & Morgan Complex Litigation Group

John Yanchunis practices in Morgan & Morgan's Complex Litigation Group and leads the National Consumer Class Action section. Before entering private practice in 1982, Mr. Yanchunis served for two years as a law clerk for the Honorable Carl O. Bue, Jr., a United States District Judge in Houston, Texas.

Mr. Yanchunis' practice focuses on class action litigation. He was co-lead counsel in the successful prosecution of perhaps the two largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, Case No. 0:03-cv-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk*, Case 0:07-cv-60695-JEM (S.D. Fla.).

In the area of civil rights, he was lead counsel in a class action suit against the state of Florida for failing to deliver certain Medicaid benefits to the elderly residing in nursing homes.

The lawsuit, involving a class of over 40,000 consumers, resulted in 2004 to forcing the state to adopt a policy change, an administrative rule, a statutory change and expenditures of approximately $52 million a year, a cost to the state of Florida which continues to date. *Gerkin v. Reiger*, no. 8:03-cv-02381-MAP (M.D. Fla. 2004). In 2009, while serving as co-lead counsel, he settled a class action lawsuit discriminatory practices in connection with student loans made to African Americans, Hispanics and Native American Indians. *Rodriguez v. Sallie Mae* (SLM) Corp, No. 3:07-cv-01866 ( D. Conn. 2011) .

### A. Proposed Interim Co-Lead Class Counsel Possess the Ability and Commitment to Prosecute the Class's Claims Zealously

Proposed Interim Co-Lead Class Counsel are prepared to pursue the litigation to the fullest extent necessary to achieve complete and meaningful relief for the Class. Proposed Interim Co-Lead Class Counsel have the demonstrated ability to devote resources necessary to represent the proposed Class. As Plaintiffs discuss above, Proposed Interim Co-Lead Class Counsel have prosecuted similar claims in past class actions. These cases were protracted, hard-fought class actions that were litigated by some of the most capable defense counsel in the country. Plaintiffs expect this action to be protracted and hard fought as well, given the considerable skill and experience of Defendant's counsel. Finally, Proposed Interim Co-Lead Class Counsel represented the plaintiffs in these cases on a wholly contingent basis, advanced enormous costs and expenses on behalf of the class members, and litigated the cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way. All counsel in this action are known for their particular dedication to protecting the interests of consumers.

## II. APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL IS APPROPRIATE AT THIS STAGE OF THE LITIGATION

In this litigation, Plaintiffs' counsel have already filed a thoroughly researched and investigated Complaint and participated in over a year of litigation on these matters. They have fully briefed a motion to dismiss and are engaged in discovery of the Defendant. Here, Plaintiffs and their counsel have exercised, and will continue to exercise, their ability to make important strategic decisions in connection with discovery and class.

For these reasons, Plaintiffs submit that this Court should appoint Interim Co-Lead Class Counsel. Such a designation will formally establish counsel who are responsible and have authority for taking all necessary and appropriate actions including, but not limited to, negotiating any settlement on behalf of the proposed Class.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully respectfully request for the Court to grant their motion for appointment as Interim Co-Lead Class Counsel and to enter the Proposed Order filed concurrently herewith.

Date: May 16, 2016

Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*
    Michael R. Reese
    George V. Granade
    100 West 93rd Street, 16th Floor
    New York, New York 10025
    Telephone: (212) 643-0500
    Facsimile: (212) 253-4272
    Email: *mreese@reesellp.com*
           *ggranade@reesellp.com*

**TAUS, CEBULASH & LANDAU, LLP**
Brett Cebulash
Kevin Landau
Miles Greaves
80 Maiden Lane, Suite 1204
New York, New York 10038
Telephone: (212) 931-0704
Facsimile: (212) 931-0703
Email: *bcebulash@tcllaw.com*
*klandau@tcllaw.com*
*mgreaves@tcllaw.com*

**BERGER & MONTAGUE, P.C.**
E. Michelle Drake
43 SE Main Street - Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594.5933
Email: *emdrake@bm.net*

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
Sarah R. Schalman-Bergen
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
Email: *scarson@bm.net*
*sschalman-bergen@bm.net*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813)275-5275
Facsimile: (813) 222-4736
Email: *jyanchunis@forthepeople.com*

*Attorneys for Plaintiffs and the Proposed Class*