IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER HASEMANN and DEBBIE HOTH, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>GERBER PRODUCTS CO.,<br><br>            Defendant. | No. 1:15-cv-02995-MKB-RER |
| JEREMY GREENE and CETARIA WILKERSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>GERBER PRODUCTS CO.,<br><br>            Defendant. | No. 1:16-cv-1153-MKB-RER |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT
INTERIM CO-LEAD COUNSEL PURSUANT TO
<u>FEDERAL CIVIL PROCEDURE RULE 23(g)</u>**

**INTRODUCTION**

Plaintiffs Jennifer Hasemann, Debbie Hoth, Jeremy Greene, and Cetaria Wilkerson (together, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submit this reply memorandum in further support of their motion to appoint Michael R. Reese of

Reese LLP; E. Michelle Drake of Berger & Montague, P.C.; Brett Cebulash of Taus, Cebulash & Landau, LLP; and John Yanchunis of Morgan & Morgan Complex Litigation Group as interim co-lead counsel pursuant to Federal Civil Procedure Rule 23(g) ("Rule 23(g)").[1]

Defendant does not challenge the qualifications of Proposed Interim Co-Lead Class Counsel. Nor does Defendant argue that it would be prejudiced in any way should this Court appoint interim co-lead class counsel. Rather, Defendant merely argues that Plaintiffs' motion is premature.[2] Defendant's argument is unavailing. This Court has discretion to appoint class counsel at this time, and for the reasons set-forth in Plaintiffs' Memorandum of Law in Support of Motion to Appoint Interim Co-Lead Counsel and the reasons below, appointment of Proposed Interim Co-Lead Class Counsel is appropriate.

## ARGUMENT

As Plaintiffs' Motion made clear, this Court has broad discretion to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The role of such counsel is to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In making this determination, this Court may consider: "(i) the work counsel has done in identifying or investigating potential

---

[1] Plaintiff's Memorandum of Law in Support of Motion to Appoint Interim Co-Lead Counsel Pursuant to Federal Civil Procedure Rule 23(g), *Hasemann v. Gerber Products Co.*, No. 15-cv-02995 (E.D.N.Y. May 16, 2016), ECF No. 30-1; Plaintiff's Memorandum of Law in Support of Motion to Appoint Interim Co-Lead Counsel Pursuant to Federal Civil Procedure Rule 23(g), *Greene v. Gerber Products Co.*, No. 16-cv-1153 (E.D.N.Y. May 16, 2016), ECF No. 7 ("Plaintiffs' Motion").

[2] Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel Pursuant to Federal Civil Procedure Rule 23(g) at 2-4, *Hasemann v. Gerber Products Co.*, No. 15-cv-02995 (E.D.N.Y. June 2, 2016), ECF No. 31; Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel Pursuant to Federal Civil Procedure Rule 23(g) at 2-4, *Greene v. Gerber Products Co.*, No. 16-cv-1153 (E.D.N.Y. June 2, 2016), ECF No. 10 ("Def.'s Opp.").

claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

As detailed in Plaintiffs' Motion, proposed interim co-lead counsel easily meet the standard courts consider when appointing class counsel.  (*See* Plaintiffs' Motion at 4-9.) Defendant does not challenge the qualifications of Proposed Interim Co-Lead Class Counsel, nor does Defendant challenge the ability of Proposed Interim Co-Lead Class Counsel to adequately represent the class.  Rather, Defendant—who has an antagonistic interest to the class and should have no say as to the proper representative of the class—merely argues that Plaintiffs' Motion is premature and unnecessary because there are not competing class suits.  (Def.'s Opp. at 2-4.)

Defendant's argument is not persuasive.  Rule 23(g)(2) expressly provides for appointment without rivalry, stating that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant" so long as counsel meets the requirements of Rule 23(g).  Nowhere do the rules require, as Defendant suggests, that there be multiple cases pending or multiple attorneys competing over lead counsel roles in order to appoint interim class counsel. Rather, courts grant motions to appoint interim class counsel in the absence of competing class suits.  *See, e.g.*, *Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) (appointing co-lead interim class counsel when there were not competing applicants pre-class certification); *see also Melgar v. Zicam, LLC*, No. 2:14-CV-00160-MCE-AC, 2014 WL 5486676, at *1-2 (E.D. Cal. Oct. 29, 2014) (same).  Unlike the case Defendant cites, *Yaeger v. Subaru of America, Inc.*, No. CIV.A. 14-4490 JBS/K, 2014 WL 7883689 (D.N.J. Oct. 8, 2014), in which the plaintiffs moved for appointment of class counsel only two months after filing their initial complaint and only nine

days after filing an amended complaint, here, Proposed Interim Co-Lead Counsel have spent more than a year litigating the first-captioned action, including, but not limited to, fully briefing a motion to dismiss and engaging in discovery of the Defendant. The considerable time, effort and resources Proposed Interim Co-Lead Class Counsel have already extended in these cases weighs heavily in favor of their appointment.

Moreover, designation of interim class counsel prior to certification provides clarity to the parties, including Defendant, and the Court. *See* Fed. R. Civ. P. 23. Defendant has, for example, excluded Plaintiffs from its mediations with other groups of plaintiffs, and new cases continue to be filed against Gerber. (*See* Def.'s Opp. at 1 (citing *Slocum v. Gerber Prods. Co.*, No. 2:16-cv-04120-NKL (W.D. Mo. filed March 14, 2016)).) Appointing Plaintiffs as interim lead counsel now would ensure that any resolution of the Florida, North Carolina, Ohio, and Wisconsin claims is handled by the Plaintiffs that represent those classes. Plaintiffs believe it is more efficient for this Court to appoint interim class counsel at this time in an effort to avoid any disputes that could arise in the event competing or intervening cases are filed.

## CONCLUSION

For all of the foregoing additional reasons, Plaintiffs respectfully request for the Court to grant their Motion for Appointment as Interim Co-Lead Class Counsel.

DATED: June 9, 2016

Respectfully submitted,

*/s/ Michael R. Reese*
Michael R. Reese
George V. Granade
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com

4

Miles Greaves
Brett Cebulash
Kevin Landau
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
mgreaves@tcllaw.com
bcebulash@tcllaw.com
klandau@tcllaw.com

E. Michelle Drake
**BERGER & MONTAGUE, P.C.**
43 SE Main Street - Suite 505
Minneapolis, MN 55414
Telephone: (612) 594.5933
emdrake@bm.net

John A. Yanchunis
Marisa K. Glassman
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813)275-5275
Facsimile: (813) 222-4736
jyanchunis@forthepeople.com
mglassman@forthepeople.com

Shanon J. Carson
Sarah R. Schalman-Bergen
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net

*Attorneys for Plaintiffs and the Proposed Class*