**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY GREENE and CETARIA WILKERSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS CO. a corporation d/b/a NESTLE NUTRITION, NESTLE INFANT NUTRITION, and NESTLE NUTRITION NORTH AMERICA<br><br>Defendant. | Case No. 1:15-cv-02995-MKB-RER<br><br><br>**DEFENDANT GERBER PRODUCTS CO.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

Defendant Gerber Products Co. ("Gerber" or "Defendant") hereby answers the Class Action Complaint ("Complaint") of plaintiffs Jeremy Greene and Cetaria Wilkerson ("Plaintiffs") as follows:

1.      Paragraph 1 of the Complaint contains an introductory statement to which no response is required.  To the extent a response is required, Gerber is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies those allegations in full.

## NATURE OF THE ACTION

2.      Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Gerber produces, distributes, and markets Gerber® Good Start® Gentle infant formula ("Good Start").

3.      Denies the allegations contained in Paragraph 3 of the Complaint, and refers the Court to Gerber's advertising for a complete and accurate description of its contents.

4.      Denies that Gerber, its corporate parent, or any entity affiliated with Gerber ever made any "false and misleading statements" and denies all of the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Denies the allegations contained in Paragraph 5 of the Complaint, except admits that Gerber's predecessor submitted a petition to the Food and Drug Administration ("FDA") in 2005, and refers the Court to that petition for a complete and accurate description of its contents.

6.      Denies the allegations contained in Paragraph 6 of the Complaint, and refers the Court to FDA's response to the 2005 FDA petition submitted by Gerber's predecessor for a complete and accurate description of its contents.

7.      Admits that Gerber was acquired in 2007, that Gerber did not manufacture or sell infant formula at the time of the acquisition, and that Gerber began to produce, distribute, and market Good Start after it was acquired, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Denies the allegations contained in Paragraph 8 of the Complaint, except admits that Gerber's predecessor submitted a petition to FDA in 2009, and refers the Court to that petition for a complete and accurate description of its contents.

9.      Denies the allegations contained in Paragraph 9 of the Complaint, except admits that FDA responded to the 2009 FDA petition, and refers the Court to FDA's response for a complete and accurate description of its contents.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Denies the allegations contained in Paragraph 11 of the Complaint, except admits that the Federal Trade Commission ("FTC") filed an action against Gerber in October 2014, and refers the Court to FTC's Complaint in that action for a complete and accurate description of its contents.

12.     Denies the allegations contained in Paragraph 12 of the Complaint, except admits that FDA issued a warning letter in October 2014, and refers the Court to that letter for a complete and accurate description of its contents.

13.     Paragraph 13 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to this Court's August 2, 2017 Order (hereinafter referred to as the "Order"), and therefore no response is required as to the

Ohio Class.  As to the remaining allegations contained in Paragraph 13, and to the extent a response is required regarding the Ohio Class, Gerber denies the allegations contained in Paragraph 13.

14.     Paragraph 14 of the Complaint contains a statement about this action to which no response is required.  To the extent a response is required, Gerber denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiffs purport to assert various claims against Gerber, and denies that the claims have any merit whatsoever.

## PARTIES

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies those allegations in full.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis denies those allegations in full.

17.     Denies the allegations contained in Paragraph 17 of the Complaint, except admits that Gerber is a Michigan corporation with its principal place of business located in Florham Park, New Jersey 07932, and that Gerber has sold Good Start in various locations in New York.

## JURISDICTION

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis denies those allegations in full, except admits that the Court has original jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and admits that, for diversity purposes, it is a citizen of New Jersey and Michigan.

19.     Denies the allegations contained in Paragraph 19 of the Complaint, except admits that this Court has personal jurisdiction over Gerber in this action.

## VENUE

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

21.     Denies the allegations contained in Paragraph 21 of the Complaint.

22.     Denies the impertinent allegations contained in Paragraph 22 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

23.     Denies the impertinent allegations contained in Paragraph 23 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

24.     Denies the impertinent allegations contained in Paragraph 24 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

25.     Denies the impertinent allegations contained in Paragraph 25 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

26.     Denies the impertinent allegations contained in Paragraph 26 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

27.     Denies the impertinent allegations contained in Paragraph 27 of the Complaint, and refers the Court to the referenced article for a complete and accurate description of its contents.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint, and refers the Court to the referenced Ninth Circuit decision for a complete and accurate description of its contents.

30.     Denies the allegations contained in Paragraph 30 of the Complaint, except admits that Gerber's predecessor submitted a petition to FDA in 2005 and that FDA responded to that petition in 2006, and refers the Court to the petition and FDA's response for a complete and accurate description of their contents.

31.     Denies the allegations contained in Paragraph 31 of the Complaint, except admits that Gerber was acquired in 2007, that Gerber did not manufacture or sell infant formula at the time of the acquisition, and that Gerber began to produce, distribute, and market Good Start after it was acquired.

32.     Denies the allegations contained in Paragraph 32 of the Complaint, except admits that Gerber has advertised and marketed Good Start, and refers the Court to Gerber's advertising and marketing materials for a complete and accurate description of their contents.

33.     Paragraph 33 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is necessary, Gerber denies the allegations and refers the Court to 21 C.F.R. § 101.14 for a complete and accurate description of its contents.

34.     Paragraph 34 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is necessary, Gerber denies the allegations and refers the Court to 21 U.S.C. § 343 for a complete and accurate description of its contents.

35.     Paragraph 35 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is necessary, Gerber denies the allegations and refers the Court to 21 U.S.C. § 343 for a complete and accurate description of its contents.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is necessary, Gerber denies the allegations.

37.     Denies the allegations contained in Paragraph 37 of the Complaint, and refers the Court to the referenced Good Start label for a complete and accurate description of its contents.

38. To the extent that the allegations contained in Paragraph 38 of the Complaint make a general statement regarding "[w]hey protein," Gerber denies knowledge or information sufficient to form a belief as to the truth of those allegations.

39. To the extent that the allegations contained in Paragraph 39 of the Complaint make a general statement regarding the processing of "[p]artially hydrolyzed whey protein," Gerber denies knowledge or information sufficient to form a belief as to the truth of those allegations.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that in June 2005 Gerber's predecessor submitted a petition to FDA, and refers the Court to that petition for a complete and accurate description of its contents.

41. Denies the allegations contained in Paragraph 41 of the Complaint, except admits that in 2006 FDA responded to the June 2005 petition submitted by Gerber's predecessor and refers the Court to that response for a complete and accurate description of its contents.

42. Denies the allegations contained in Paragraph 42 of the Complaint, except admits that in May 2009 Gerber submitted a petition to FDA and refers the Court to that petition for a complete and accurate description of its contents.

43. Denies the allegations contained in Paragraph 43 of the Complaint, except admits that in May 2011 FDA responded to the petition that Gerber's predecessor submitted to FDA in May 2009, and refers the Court to that response for a complete and accurate description of its contents.

44. Denies the allegations contained in Paragraph 44 of the Complaint, except admits that in May 2011 FDA responded to the petition that Gerber's predecessor submitted to FDA in May 2009, and refers the Court to that response for a complete and accurate description of its contents.

45. Denies the allegations contained in Paragraph 45 of the Complaint, except admits that in May 2011 FDA responded to the petition that Gerber's predecessor submitted to FDA in

May 2009, and refers the Court to that response for a complete and accurate description of its contents.

46.     Denies the allegations contained in Paragraph 46 of the Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Complaint, and refers the Court to the referenced Lowe Study for a complete and accurate description of its contents.

48.     Denies the allegations contained in Paragraph 48 of the Complaint, and refers the Court to the referenced Lowe Study for a complete and accurate description of its contents.

49.     Denies the allegations contained in Paragraph 49 of the Complaint, and refers the Court to the referenced Lowe Study for a complete and accurate description of its contents.

50.     Denies the allegations contained in Paragraph 50 of the Complaint, and refers the Court to the referenced Lowe Study for a complete and accurate description of its contents.

51.     Denies the allegations contained in Paragraph 51 of the Complaint, and refers the Court to the referenced Lowe Study for a complete and accurate description of its contents.

52.     Paragraph 52 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Gerber denies the allegations, and refers the Court to the referenced Annual Report for a complete and accurate description of its contents.

53.     Denies the allegations contained in Paragraph 53 of the Complaint.

54.     Denies the allegations contained in Paragraph 54 of the Complaint.

55.     Denies the allegations contained in Paragraph 55 of the Complaint, except admits that Gerber has advertised and marketed Good Start, and refers the Court to Gerber's advertising and marketing materials for a complete and accurate description of their contents.

56.     Denies the allegations contained in Paragraph 56 of the Complaint, and refers the Court to Exhibit C of the Complaint for a complete and accurate description of its contents.

57.     Denies the allegations contained in Paragraph 57 of the Complaint, and refers the Court to Exhibit D of the Complaint for a complete and accurate description of its contents.

58.     Denies the allegations contained in Paragraph 58 of the Complaint, and refers the Court to Exhibit D of the Complaint for a complete and accurate description of its contents.

59.     Denies the allegations contained in Paragraph 59 of the Complaint, except admits that Exhibit D of the Complaint was attached to certain containers of Good Start at certain points in time, and refers the Court to Exhibit D for a complete and accurate description of its contents.

60.     Denies the allegations contained in Paragraph 60 of the Complaint, and refers the Court to the referenced television commercial depicted in Exhibit E of the Complaint and the referenced FDA letter for a complete and accurate description of their contents.

61.     Denies the allegations contained in Paragraph 61 of the Complaint, and refers the Court to Exhibit F of the Complaint and the referenced FDA letter for a complete and accurate description of their contents.

62.     Denies the allegations contained in Paragraph 62 of the Complaint, and refers the Court to Exhibit G of the Complaint and FDA's response to Gerber's 2009 petition for a complete and accurate description of its contents.

63.     Denies the allegations contained in Paragraph 63 of the Complaint, and refers the Court to Exhibit H of the Complaint and FDA's response to Gerber's 2009 petition for a complete and accurate description of its contents.

64.     Denies the allegations contained in Paragraph 64 of the Complaint, and refers the Court to the referenced advertisements and FDA letter for a complete and accurate description of their contents.

65.     Denies the allegations contained in Paragraph 65 of the Complaint.

66.     Denies the allegations contained in Paragraph 66 of the Complaint, except admits that FTC filed an action in the United States District Court for the District of New Jersey against Gerber in October 2014, and refers the Court to FTC's Complaint in that action for a complete and accurate description of FTC's claims in that case.

67.     Denies the allegations contained in Paragraph 67 of the Complaint, and refers the Court to FTC's October 2014 Complaint against Gerber for a complete and accurate description of FTC's claims in that case.

68.     Denies the allegations contained in Paragraph 68 of the Complaint, except admits that FDA issued a warning letter in October 2014, and refers the Court to that letter for a complete and accurate description of its contents.

69.     Denies the allegations contained in Paragraph 69 of the Complaint, and refers the Court to the referenced warning for a complete and accurate description of its contents.

70.     Denies the allegations contained in Paragraph 70 of the Complaint, and refers the Court to the referenced warning letter for a complete and accurate description of its contents.

71.     Denies the allegations contained in Paragraph 71 of the Complaint.

72.     Denies that any of Gerber's advertising is "deceptive" or that its business practices are unfair, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Complaint, and on that basis denies those allegations in full.

73.     Denies that any of Gerber's advertising is "false" or that its business practices are "deceitful," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint, and on that basis denies those allegations in full.

74.     Denies the allegations contained in Paragraph 74 of the Complaint.

75.     Denies the allegations contained in Paragraph 75 of the Complaint, and refers the Court to the referenced "corporate financial filings" and annual reports for a complete and accurate description of their contents.

76.     Denies the allegations contained in Paragraph 76 of the Complaint.

77.     Denies the allegations contained in Paragraph 77 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs paid for Good Start and what Walmart charged for Good Start or Parent's Choice, and on that basis denies those allegations in full.

78.     Denies the allegations contained in Paragraph 78 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding

what Plaintiffs would or would not have purchased and on that basis denies those allegations in full.

## CLASS ACTION ALLEGATIONS

79.     The Ohio Class referenced in Paragraph 79 of the Complaint has been dismissed from this Action pursuant to the Order, and therefore no response is required. To the extent a response is necessary, Gerber denies that this action is appropriate for class treatment as alleged in Paragraph 79 of the Complaint and denies that the proposed class is adequately or properly defined.

80.     Denies that this action is appropriate for class treatment as alleged in Paragraph 80 of the Complaint and denies that the proposed class is adequately or properly defined.

81.     Denies that this action is appropriate for class treatment as alleged in Paragraph 81 of the Complaint and denies that the proposed class is adequately or properly defined.

82.     The Ohio Class referenced in Paragraph 82 of the Complaint has been dismissed from this Action pursuant to the Order and therefore no response is required. As to the remaining allegations contained in Paragraph 82 of the Complaint, and to the extent a response is required as to the Ohio Class referenced therein, Gerber denies knowledge or information sufficient to form a belief as to the truth of what Plaintiffs have termed the "Ohio Class," the "North Carolina Class," the "Nationwide Class," and the "Class."

83.     The Ohio Class referenced in Paragraph 83 of the Complaint has been dismissed from this Action pursuant to the Order and therefore no response is required. As to the remaining allegations contained in Paragraph 83 of the Complaint, and to the extent a response is required as to the Ohio Class referenced therein, Gerber denies those allegations.

84.     Paragraph 84 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class. As to the remaining allegations contained in Paragraph 84, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

85.     Paragraph 85 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 85, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

86.     Paragraph 86 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 86, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

87.     Paragraph 87 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 87, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

88.     Paragraph 88 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 88, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

89.     Paragraph 89 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 89, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

90.     Paragraph 90 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no

response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 90, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

91.     Paragraph 91 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 91, and to the extent a response is required regarding the Ohio Class, Gerber denies those allegations.

92.     Paragraph 92 refers to the "Class," which is defined in the Complaint to include the Ohio Class that has been dismissed from this action pursuant to the Order, and therefore no response is required as to the Ohio Class.  As to the remaining allegations contained in Paragraph 92 of the Complaint, and to the extent a response is required as to the Ohio Class referenced therein, Gerber denies that this action is appropriate for class treatment and therefore denies those allegations.

## COUNT I
### VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Ohio Rev. Code. Ann. §§ 1345.01 *et seq*.)

### (On Behalf of Plaintiff Greene and the Ohio Class)

93.     Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 92, inclusive.

94.     No response is required to Paragraph 94 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

95.     No response is required to Paragraph 95 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

96.     No response is required to Paragraph 96 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

97.     No response is required to Paragraph 97 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

98.     No response is required to Paragraph 98 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

99.     No response is required to Paragraph 99 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

100.     No response is required to Paragraph 100 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

101.     No response is required to Paragraph 101 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

102.     No response is required to Paragraph 102 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

103.     No response is required to Paragraph 103 of the Complaint because Count I has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies those allegations and denies that Plaintiffs are entitled to any relief sought therein.

## COUNT II
### VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT
### (Ohio Rev. Code Ann. §§ 4165.01 *et seq.*)

### (On behalf of Plaintiff Greene and the Ohio Class)

104.    Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 103, inclusive.

105.    No response is required to Paragraph 105 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

106.    No response is required to Paragraph 106 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

107.    No response is required to Paragraph 107 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

108.    No response is required to Paragraph 108 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

109.    No response is required to Paragraph 109 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

110.    No response is required to Paragraph 110 of the Complaint because Count II has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

111.    No response is required to Paragraph 111 of the Complaint because Count II has been dismissed from this Action pursuant to the Order and because Plaintiffs' claim for injunctive relief has been dismissed from this Action pursuant to the Order.  To the extent a

response is required, Gerber denies those allegations and denies that Plaintiffs are entitled to any relief sought therein.

**COUNT III**
**VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**(N.C. Gen. Stat. Ann. § 75-1.1)**

**(On behalf of the North Carolina Class)**

112.     Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 111, inclusive.

113.     Denies the allegations contained in Paragraph 113 of the Complaint.

114.     Denies the allegations contained in Paragraph 114 of the Complaint.

115.     Denies the allegations contained in Paragraph 115 of the Complaint, except admits that Gerber has advertised and marketed Good Start, and refers the Court to Gerber's advertising and marketing materials for a complete and accurate description of their contents.

116.     Denies the allegations contained in Paragraph 116 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Wilkerson reviewed prior to purchasing Good Start and what price Wilkerson paid for Good Start, and on that basis denies those allegations in full.

117.     Denies the allegations contained in Paragraph 117 of the Complaint and denies that Plaintiffs are entitled to any relief sought therein.

**COUNT IV**
**FRAUDULENT CONCEALMENT**

**(on behalf of all Plaintiffs and the Nationwide Class)**

118.     Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 118, inclusive.

119.     Denies the allegations contained in Paragraph 119 of the Complaint.

120.     Denies the allegations contained in Paragraph 120 of the Complaint, except denies knowledge or information sufficient to form a belief as to what Plaintiffs reviewed prior to purchasing Good Start, and on that basis denies those allegations in full.

121.    Denies the allegations contained in Paragraph 121 of the Complaint, but states that Defendant has truthfully disclosed all relevant information regarding the use of 100% partially hydrolyzed whey protein in infant formula and its ability to reduce the risk of allergies in certain infants.

122.    Denies the allegations contained in Paragraph 122 of the Complaint, except denies knowledge or information sufficient to form a belief as to those allegations regarding what Plaintiffs would or would not have purchased and on that basis denies those allegations in full.

123.    Denies the allegations contained in Paragraph 123 of the Complaint.

124.    Denies the allegations contained in Paragraph 124 of the Complaint.

125.    Denies the allegations contained in Paragraph 125 of the Complaint.

126.    Denies the allegations contained in Paragraph 126 of the Complaint and denies that Plaintiffs are entitled to any relief sought therein.

127.    Denies the allegations contained in Paragraph 127 of the Complaint and denies that Plaintiffs are entitled to any relief sought therein.

**COUNT V**
**INTENTIONAL MISREPRESENTATION**

**(on behalf of all Plaintiffs and the Nationwide Class)**

128.    Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 127, inclusive.

129.    Denies the allegations contained in Paragraph 129 of the Complaint.

130.    Denies the allegations contained in Paragraph 130 of the Complaint.

131.    Denies the allegations contained in Paragraph 131 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of those allegations regarding what Greene and Wilkerson reviewed prior to purchasing Good Start and on that basis denies those allegations in full.

132.    Denies the allegations contained in Paragraph 132 of the Complaint.

133.    Denies the allegations contained in Paragraph 133 of the Complaint, but states that Defendant has truthfully disclosed all relevant information regarding the use of 100%

partially hydrolyzed whey protein in infant formula and its ability to reduce the risk of allergies in certain infants.

134.    Denies the allegations contained in Paragraph 134 of the Complaint.

135.    Denies the allegations contained in Paragraph 135 of the Complaint.

136.    Denies the allegations contained in Paragraph 136 of the Complaint.

137.    Denies the allegations contained in Paragraph 137 of the Complaint and denies that Plaintiffs are entitled to any relief sought therein.

138.    Denies the allegations contained in Paragraph 138 of the Complaint and denies that Plaintiffs are entitled to any relief sought therein.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

### (on behalf of all Plaintiffs and the Nationwide Class)

139.    Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 138, inclusive.

140.    Denies the allegations contained in Paragraph 140 of the Complaint.

141.    Denies the allegations contained in Paragraph 141 of the Complaint.

142.    Denies the allegations contained in Paragraph 142 of the Complaint.

143.    Denies the allegations contained in Paragraph 143 of the Complaint.

144.    Denies the allegations contained in Paragraph 144 of the Complaint, denies that Plaintiffs are entitled to any relief sought therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiffs viewed prior to purchasing Good Start and what Plaintiffs would or would not have purchased and on that basis denies those allegations in full.

## COUNT VII
## UNJUST ENRICHMENT

### (On behalf of all Plaintiffs and the Nationwide Class)

145.    Gerber realleges and incorporates herein by reference, as though set forth in full, its answers to the allegations contained in Paragraphs 1 through 144, inclusive.

146.    No response is required to Paragraph 146 of the Complaint because Count VII has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

147.    No response is required to Paragraph 147 of the Complaint because Count VII has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

148.    No response is required to Paragraph 148 of the Complaint because Count VII has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

149.    No response is required to Paragraph 149 of the Complaint because Count VII has been dismissed from this Action pursuant to the Order.  To the extent a response is required, Gerber denies the allegations.

Gerber specifically denies that Plaintiffs are entitled to any of the relief requested in sections a through h of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the claims for relief alleged in the Complaint, Gerber alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as to Plaintiffs' claims and those of the putative classes.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and each alleged putative class member's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and each alleged putative class member's claims are barred by the doctrine of election of remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and each alleged putative class member's claims are barred by the failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and each alleged putative class member's claims are barred for lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and each putative class member's claims for equitable relief are barred because they have an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and each putative class member received and, in the future, will receive all or substantially all of the benefits from the product at issue in this action that they purport to have hoped and intended that they would receive.  To that extent, any damages that Plaintiffs and each putative class member might be entitled to recover from Gerber must be correspondingly reduced.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and each putative class member's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and each alleged putative class member's claims are barred because the commercial speech of Gerber was not false, deceptive or misleading and is protected under the First Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Gerber fully complied with all state statutes, regulations, or other laws in effect at the time of its alleged conduct and, therefore, is not liable for any wrongdoing alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Gerber, and those of the putative classes, are barred in whole or in part by the doctrine of waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Gerber, and those of the putative classes, are barred in whole or in part by the doctrine of acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive or exemplary damages against Gerber would violate Gerber's constitutional rights under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States, comparable provisions under state law, common law and public policy, and/or applicable statutes and court rules.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those of the putative classes, are barred by law to the extent they seek non-restitutionary disgorgement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Due to the lack of information as to the matters set forth in the Complaint, and each purported cause of action therein, Gerber has insufficient knowledge or information on which to form a belief as to whether Gerber has additional, as yet unstated, affirmative defenses available. Therefore, Gerber reserves the right to assert additional affirmative defenses in the event that discovery indicates said defenses are proper.

## PRAYER FOR RELIEF

Gerber denies that Plaintiffs are entitled to any relief sought in the Complaint and prays for judgment as follows:

A.     That Plaintiffs take nothing and be afforded no relief;

B.     That Plaintiffs' claims be dismissed with prejudice in their entirety and judgment be entered in favor of Gerber;

C.     That Gerber be awarded its costs and expenses incurred in this action;

D.      For all other relief as the Court may deem just and proper

Dated: New York, New York                    Respectfully submitted:

   August 23, 2017                               KELLEY DRYE & WARREN LLP


                                                 _____/s/ *Geoffrey W. Castello*_____
                                                 Geoffrey W. Castello
                                                 David I. Zalman
                                                 Jaclyn M. Metzinger
                                                 101 Park Avenue
                                                 New York, New York 10178
                                                 Phone: (212) 808-7800
                                                 Facsimile: (212) 808-7897
                                                 gcastello@kelleydrye.com
                                                 dzalman@kelleydrye.com
                                                 jmetzinger@kelleydrye.com


                                                 *Attorneys for Defendant*
                                                 *Gerber Products Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2017, the foregoing ANSWER AND

AFFIRMATIVE DEFENSES was filed with the Clerk of the Court and served in accordance with the

Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's

Rules on Electronic Service upon the following parties and participants.

Michael R. Reese
George V. Granade
Reese LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel. (212) 643-0500
Fax. (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com

Kevin Landau
Brett Cebulash
Miles Greaves
Taus, Cebulash & Landau LLP
80 Maiden Lane, Suite 1204
New York, New York 10038
Tel. (646) 873-7654
Fax. (212) 931-0703
klandau@tcllaw.com
bcebulash@tcllaw.com
mgreaves@tcllaw.com

Shannon J. Carson
E. Michelle Drake
Shoshana Savett
Sarah R. Schalman-Bergen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel. (215) 875-4656
Fax. (215) 875-4604
scarson@bm.net
emdrake@bm.net
stsavett@bm.net
sschalman-bergen@bm.net

John A. Yanchunis
Marisa Glassman
Morgan & Morgan
Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. (813) 275-5275
Fax. (813) 222-4736
jyanchunis@forthepeople.com
mglassman@forthepeople.com

Dated:   New York, New York              */s/ Geoffrey W. Castello*
         August 23, 2017                  Geoffrey W. Castello