```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

 JENNIFER HASEMANN and DEBBIE
 HOTH, individually and on behalf        MEMORANDUM & ORDER
 of all others similarly situated,       15-CV-2995(EK)(JAM)

 Plaintiffs,

                -against-

 GERBER PRODUCTS CO.,

 Defendant.

---------------------------------x
---------------------------------x

 CETARIA WILKERSON,

 Plaintiff,

                -against-                16-CV-1153(EK)(JAM)

 GERBER PRODUCTS CO.,

 Defendant.

---------------------------------x
---------------------------------x

 WENDY MANEMEIT, individually and
 on behalf of all others similarly
 situated,

 Plaintiffs,

                -against-                17-CV-0093(EK)(JAM)

 GERBER PRODUCTS CO.,

 Defendant.

---------------------------------x
```

ERIC KOMITEE, United States District Judge:

Defendant Gerber moves for reconsideration of this Court's Order denying summary judgment, ECF No. 221, or, in the alternative, of my Order denying certification for interlocutory appeal.  May 1, 2024 Order.  The motion is based on the Second Circuit's intervening decision in *Bustamante v. Kind*, __ F.4th __, 2024 WL 1917155 (2d Cir. May 2, 2024).  Gerber notes my observation, when denying summary judgment, that no binding authority had "expressly adopt[ed] the Lanham Act extrinsic evidence requirement for false advertising cases" under New York and Florida law.  Order Den. Summ. J. 38, ECF No. 221 (citing Def. Letter 1, ECF No. 211).  "That is no longer the case" following *Bustamante*, Gerber asserts.  Mot. for Reconsideration 7, ECF No. 232-1.

This assertion is simply incorrect.  In *Bustamante*, the district court excluded certain consumer survey evidence and then granted summary judgment, following which the Circuit affirmed.  *Bustamante*, 2024 WL 1917155 at *7.  But the Court of Appeals did not hold that survey evidence was an indispensable requirement for a New York or Florida claim.  Instead, the Court considered the remaining evidence that the plaintiffs relied on — the complaint's definition of "all natural," for example, and the named plaintiffs' own inconsistent testimony — and

identified problems of coherence and cohesion in that specific evidence.  *See id*. at *8-9.  Indeed, the Court of Appeals did not mention the phrase "extrinsic evidence," let alone identify a new requirement of New York or Florida state law.

The motion for reconsideration is denied.

In order to facilitate the forward progress of this case, the parties are directed to submit a letter, on or before May 24, 2024, indicating how long they expect their respective presentations of evidence at trial to take.

SO ORDERED.

     /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   May 15, 2024
         Brooklyn, New York